UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY FAIRCHILD ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01272 |
| ) | |
| v. ) | |
| ) | |
| DISCOVER PRODUCTS INC., ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Ashley Fairchild ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Discover Products Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's violations under the ADA for terminating Plaintiff's employment on the basis of her disability.

2. This action also arises out of Plaintiff's employment relationship with Defendants, including retaliatory termination and interference of rights, in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq and 29 U.S.C. § 2601 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Ashley Fairchild, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Discover Products Inc., is a corporation doing business in and for Cook County whose address is 2500 Lake Cook Road, Riverwoods, IL 60015.

## BACKGROUND FACTS

10. Plaintiff was hired by Defendant in or around November 2021.

11. Plaintiff suffered from a throat conditions that required her to undergo a Tonsillectomy and an Adnoidectomy.

12. Accordingly, Plaintiff's throat condition and having record of the condition qualifies as a physical impairment that substantially limits major life activities.

13. The disability limited Plaintiff's verbal communication and caused irritation if Plaintiff talks for long periods of time.

14. Accordingly, Plaintiff requested medical leave as a reasonable accommodation under the ADA and FMLA so that she undergo the required surgery.

15. Plaintiff's accommodation request under the ADA and FMLA request was approved from October 19, 2022 through December 13, 2022 (8 weeks).

16. Plaintiff was instructed to return to work on December 13, 2022 even though Plaintiff was not informed she was entitled to 12 weeks of FMLA leave.

17. Plaintiff asserts that Defendant interfered with her rights under the FMLA by not informing her of the 12 week entitlement.

18. Plaintiff did return on December 13, 2022, but shortly thereafter, Plaintiff was subject to retaliation for use of FMLA leave.

19. Upon Plaintiff returning on December 13, 2022, Plaintiff had computer system issues, which did not allow her to properly get back on-line to work as normal.

20. However, Plaintiff immediately reached out to the proper channels to get a new computer system.

21. Once the new computer system arrived, Plaintiff would have been able to work as normal.

22. However, before Plaintiff could start working as normal, on around December 19, 2022, Plaintiff was effectively terminated for "job abandonment."

23. Plaintiff read the letter from Defendant's Human Resources that read, "you did not report for work or spoken with your manager since 10/19/2022. As we have not heard from

3

you, we must therefore assume that you have voluntarily resigned from your employment with Discover Financial Services."

24. Plaintiff immediately was confuses and upset because Defendant knew Plaintiff was on FMLA leave since October 19, 2022.

25. Furthermore, Plaintiff was also in contact with my employer about the technology issues since her December 13, 2022 return from FMLA leave.

26. Therefore, Plaintiff expressed her concerns to Defendant how this has to be a mistake.

27. In response, Defendant provided a second letter that stated, "you did not report for work or spoken with your manager since 12/12/2022. As we have not heard from you, we must therefore assume that you have voluntarily resigned from your employment with Discover Financial Services."

28. Plaintiff was effectively terminated on December 22, 2022 (the date of the second letter.

29. Defendant contends that Plaintiff was not terminated but there was no communication from Defendant to Plaintiff after the December 22, 2022 termination letter until after an EEOC Charge was filed.

30. Once the EEOC charge was filed, Defendant contacted Plaintiff that she was not terminated and was still an employee.

31. Plaintiff asserts that she was terminated on the basis of her disability and for using FMLA leave.

32. The purported justification for termination was unlawful discrimination based on

Plaintiff's use of FMLA leave, Plaintiff's disability.

33. Plaintiff was qualified for her job and was known to develop, meet and exceed performance standards for her department and job title.

34. From the time of informing Defendant that she developed a severe and life threatening condition and that she could not report to work up until the time of Plaintiff's termination, Defendant did not explain Plaintiff's potential rights to TWELVE weeks of leave under the FMLA.

35. On or about December 22, 2022, Defendant unlawfully terminated Plaintiff in retaliation for taking FMLA leave.

36. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after she took eight weeks of FMLA medical leave when Defendant terminated her pre-textually on December 22, 2022.

37. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

38. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

39. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

40. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability Discrimination)

41. Plaintiff repeats and re-alleges paragraphs 1- 40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Defendant terminated Plaintiff's employment on the basis of her disability.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

45. Plaintiff is a member of a protected class under the ADA, due to her disability.

46. Plaintiff was terminated on her disability.

47. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Interference with FMLA Rights
### (Failure to Provide FMLA Information)

49. Plaintiff repeats and re-alleges paragraphs 1- 40 as if fully stated herein.

50. One year after Plaintiff's hire date and after completing 1,250 hours, Plaintiff was eligible for FMLA leave.

51. At all times material, Plaintiff gave proper notice to her employer by informing them of her serious medical condition, which required her to undergo major surgery.

52. Defendant controlled Plaintiff's work schedule and conditions of employment.

53. Plaintiff provided enough information for her employer to know that her potential leave may be covered by the FMLA.

54. Despite their knowledge of Plaintiff's medical condition and life threatening situation, her employer failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff her entitlement to 12-weeks of FMLA leave entitlement.

55. When Plaintiff's employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff her 12-week FMLA leave entitlement, Defendant interfered with Plaintiff's rights under the FMLA.

56. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT III
### Violation of the FMLA
### (Retaliation)

57. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

58. Defendant terminated Plaintiff following his notification about her request for medical leave, which constitutes a request for taking FMLA leave.

59. Defendant terminated Plaintiff because she took FMLA leave as described above.

60. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

61. Plaintiff's use for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

62. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 1st Day of March, 2022.

                                                 */s/ Nathan C. Volheim*
                                                 **NATHAN C. VOLHEIM, ESQ.**

IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*